UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-02426-JLS-JDE                                         Date: March 11, 2020
Title: Sammy El-Said v. BMW of North America, LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

        Not Present                                                                  Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER (1) DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 9) AND (2) DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**

Before the Court is a Motion to Remand brought by Plaintiff Sammy El-Said. (Mot., Doc. 9.) Defendant BMW of North America, LLC ("BMW") opposed. (Opp., Doc. 12.) Plaintiff did not reply. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for March 13, 2020, at 10:30 a.m., is VACATED. For following reasons, Plaintiff's Motion is DENIED.

**I.       BACKGROUND**

Plaintiff filed this "lemon law" action in Orange County Superior Court on November 11, 2019. (Compl., Doc. 1-2.) Plaintiff alleges that he purchased a 2015 BMW M5, VIN No. WBSFV9C54FD59532 ("the Subject Vehicle"), from Crevier BMW, in Santa Ana, CA, on August 2, 2018. (*Id*. ¶ 1.) He further alleges that Defendant BMW issued an express warranty under which it would "preserve or maintain the utility or performance of the [S]ubject [V]ehicle." (*Id*. ¶ 7.) Plaintiff states that this express warranty was an "integral factor" in his decision to purchase the Subject Vehicle. (*Id*.) According to the Complaint, after Plaintiff took possession of the Subject Vehicle, it experienced a wide range of mechanical and electrical failures and malfunctions. (*Id*. ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-02426-JLS-JDE                                          Date: March 11, 2020
Title: Sammy El-Said v. BMW of North America, LLC et al.

8.) Despite Plaintiff's delivery of the Subject Vehicle to Defendant BMW "or its authorized repair facility(s)," BMW has not repaired the vehicle to conform it to the express warranty or replaced the vehicle. (*Id.* ¶¶ 9, 11.)

       The Complaint does not clearly set forth the claims being brought by Plaintiff in this litigation. (*See* Compl.) However, Plaintiff appears to assert claims for: (1) violation of the Song-Beverly Consumer Warranty Act, California Civil Code § 1790 *et seq.*; (2) breach of express warranty; and (3) breach of the implied warranties of merchantability and fitness. (Compl. ¶¶ 4, 7, 10.) In the Complaint, Plaintiff seeks damages totaling at least $175,385.56 but makes no allegation as to the parties' citizenships. (*See* Prayer for Relief, Compl. at 5; *see generally* Compl.)

       BMW was served with the state-court summons and Complaint on November 8, 2019. (Notice of Removal ¶ 3, Doc. 1.) On November 27, 2019, BMW received a copy of the sales contract which governed Plaintiff's acquisition of the Subject Vehicle. (Opp. at 3.) BMW states that the receipt of that document was the first point at which it gained any information on Plaintiff's citizenship, and thus could ascertain whether removal was proper based on diversity jurisdiction. (*Id.*; Ramsay Decl. ¶ 3, Doc. 1-1; Stefatos Decl. ¶ 3, Doc. 12-1.)

       BMW removed the action to this Court on December 16, 2019, asserting that an exercise of federal diversity jurisdiction is appropriate under 28 U.S.C. §§ 1332, 1441. (Notice of Removal ¶ 4.) In the Notice of Removal, removal is characterized as proper because (1) the parties are diverse, and (2) the amount in controversy exceeds $75,000. (*Id.* ¶¶ 9-19.) Plaintiff contends that BMW's removal of this action was not timely and therefore argues that a remand to state court is necessary. (Mot. at 4-5.)

## II.    LEGAL STANDARD

###    A.    Removal

       A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a)-(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-02426-JLS-JDE                                              Date: March 11, 2020
Title: Sammy El-Said v. BMW of North America, LLC et al.

392 (1987). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

B.     **Timeliness**

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (internal quotation marks omitted). "If the

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-02426-JLS-JDE                                               Date: March 11, 2020
Title: Sammy El-Said v. BMW of North America, LLC et al.
_____

notice of removal was untimely, a plaintiff may move to remand the case back to state court." *Id.*

### III.      DISCUSSION

       A.      **BMW's Removal was Timely**

       Plaintiff argues that BMW's removal is untimely because it came after the expiration of the first thirty-day period set forth in 28 U.S.C. § 1446(b). (Mot. at 4-5.) Plaintiff asserts that BMW can not rely on the sales contract as an "other paper" from which removability can be ascertained because the sales contract was never filed with the state court and under Ninth Circuit precedent, "the record of the state court is considered ***the sole source*** from which to ascertain whether a case originally not removable has since become removable." (Mot. at 4 (citing *Peabody v. Schroll Trust*, 892 F.2d 772, 775 (9th Cir. 1989)) (emphasis added by Plaintiff).) Under that logic, Plaintiff explains that the second thirty-day window contemplated by 28 U.S.C. § 1446(b) was never triggered and therefore, because BMW's removal came more than thirty days after service of the Complaint, it was untimely and remand is required. (*Id.*)

       Plaintiff's literal reading of the Ninth Circuit's language in *Peabody* neither accounts for the circumstances of that case, nor comports with subsequent caselaw. In *Peabody*, the Ninth Circuit explicitly mentioned the state court record because the court was focused on explaining that documents filed in *federal court* do not trigger § 1446(b)'s second thirty-day window. 892 F.2d at 775. Later Ninth Circuit decisions have made clear that there is no blanket rule "that only documents actually filed in state court can constitute 'other paper' that triggers the [second] thirty-day removal window under § 1446(b)." *Rider v. Sears Roebuck & Co.*, No. CV 11-2700 GAF (FMOx), 2011 WL 2222171, at *3 (C.D. Cal. June 7, 2011) (addressing an argument identical to Plaintiff's). For example, in *Carvalho*, the Ninth Circuit held that deposition testimony indicating removability qualified as "other paper" triggering the second thirty-day window and made no indication that a deposition transcript was required to be filed with the state court to render removal proper. 629 F.3d at 886; *see Durham v. Lockheed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-02426-JLS-JDE　　　　　　　　　　　　　　　　　　Date: March 11, 2020
Title: Sammy El-Said v. BMW of North America, LLC et al.

*Martin Corp.*, 445 F.3d 1247, 1254 (9th Cir. 2006) (reaching the same conclusion as to responses to interrogatories). This understanding is more consistent with the plain language of 28 U.S.C. § 1446(b), which makes reference to receipt by Defendant, and not by the state court, "of a copy of an amended pleading, motion, order or other paper" indicating removability in the first instance.

　　　　Accordingly, the Court concludes that the sales contract governing Plaintiff's purchase of the Subject Vehicle is capable, upon receipt by BMW, of acting as an "other paper from which it may first be ascertained that the case is one which is or has become removable." Because in this instance the sales contract was the first document in this litigation indicating that the parties' citizenship is diverse, the Court finds that BMW's receipt of the sales contract so acted and operated to trigger the second thirty-day removal window provided for in 28 U.S.C. § 1446(b). As BMW filed its Notice of Removal within thirty days after receiving the sales contract, the removal was timely

### B.　　BMW's Removal was Proper

　　　　As noted above, pursuant to 28 U.S.C. §§ 1332, 1441, removal owing to an exercise of diversity jurisdiction is proper when there is complete diversity among the parties and the amount in controversy exceeds $75,000. Here, because BMW is an LLC and its sole member, BMW (US) Holding Corporation, is a citizen of Delaware and New Jersey[1], Defendant BMW is in turn a citizen of Delaware and New Jersey. Notice of Removal ¶ 13; Notice of Interested Parties, Doc. 4; *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). The sales contract lists a San Bernardino County address for Plaintiff, showing that he is a resident of California, and thereby indicating that Plaintiff is domiciled in California, and thus a citizen of

---

[1] In determining the citizenship of a corporation for diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). BMW (US) Holding Corporation is incorporated in Delaware and has its principal place of business in New Jersey. (Opp. at 5; Notice of Removal ¶ 14.)

California.[2] (Sales Contract at 1, Notice of Removal Ex. C, Doc. 1-4.) In his Motion, Plaintiff does not dispute that he is a California domiciliary and citizen. (*See* Mot.) As such, it is apparent that the parties are diverse. And it is facially apparent from the Complaint's references to Plaintiff's asserted entitlement to actual damages, civil penalties, rescission, restitution, and attorney's fees totaling in excess of $175,385.56, that the $75,000 jurisdictional threshold has been exceeded.

Consequently, the Court concludes that BMW's removal on diversity jurisdiction grounds was proper.

### C. Plaintiff's Request for Fees

Plaintiff requests an award of sanctions against BMW in the amount of "Plaintiff'[s] reasonably incurred attorney's fees, costs, and expenses" associated with the bringing of this Motion. (Mot. at 6-7.) In essence, despite the fact that BMW met and conferred with Plaintiff prior to Plaintiff's filing of this Motion, Plaintiff asks the Court to award fees because BMW (1) failed to convince Plaintiff not to file the instant Motion and (2) would not stipulate to a remand of this case. (*Id*. at 7.) Aside from his tenuous assertion that BMW failed to comply with Local Rule 7-3, Plaintiff provides no legal basis for his fees request. (*See id.* at 6-7.) Indeed, it is Plaintiff's motion—not BMW's opposition—that borders on frivolous.

The Court finds that BMW did not violate Local Rule 7-3 and DENIES Plaintiff's request for fees.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.

___

[2] "The natural person's state citizenship is [] determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-02426-JLS-JDE　　　　　　　　　　　　　　Date: March 11, 2020
Title: Sammy El-Said v. BMW of North America, LLC et al.

　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Preparer: tg